<table>
<tr><td>UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLUMBIA</td><td>FILED<br>AUG 23 2002<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT</td></tr>
</table>

CERVECERIA MODELO, S.A. DE C.V. :
and CERVECERIA DEL PACIFICO, :
S.A. DE C.V., :
                         :
        Plaintiffs, :
                         :    Civil Action No.:    02-1586 (RMU)
     v. :
                         :    Document No.:     2
BRUT CUVEE et al., :
                         :
        Defendants. :

## TEMPORARY RESTRAINING ORDER
## AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

The court has considered the Complaint, the supporting declarations, exhibits, evidence and points and authorities submitted in support of Cerveceria Modelo, S.A. de C.V.'s and Cerveceria del Pacifico, S.A. de C.V.'s ("the plaintiffs") Application for a Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction ("TRO Application"), and the plaintiffs' affidavits regarding service on the defendants. Determining that the defendants have had notice of the pending TRO Application and an opportunity to respond, and concluding that the plaintiffs have met the legal requirements for obtaining a temporary retraining order ("TRO") in this matter, the court grants the plaintiffs' motion.

The court finds that the defendants, specifically defendant Jay Hudnall, received service and actual notice of the plaintiffs' Complaint, TRO Application, and the court's August 13, 2002 Order on or before the morning of August 16, 2002. FED. R. CIV. PROC. 4(e)(2); Pl.'s Aff. filed on Aug. 16, 2002. The August 13, 2002 Order required the defendants to respond to the TRO

1




Application by August 15, 2002. Because the defendants did not receive notice of this Order until August 16, out of an abundance of caution, the court issued an additional Order requiring the defendants to respond within 24 hours of service of the Order. Order dated Aug. 20, 2002. At 9:28 a.m. on August 22, 2002, defendant Hudnall received service and actual notice of this court's August 20, 2002 Order. FED. R. CIV. PROC. 4(e)(2); Pl.'s Second Aff. filed on Aug. 22, 2002. Accordingly, the defendants' response was due by 9:28 a.m. today, August 23, 2002.

The court's August 20, 2002 Order warned the defendants that the court would treat the TRO Application as conceded if the defendants failed to respond by the deadline. *Cf.* LCvR 7.1(b). The time is now 2:30 p.m. on August 23, 2002, the defendants have failed to respond, and thus the plaintiff's TRO Application is conceded.

For the court to issue an injunction, the movant must demonstrate a likelihood of success on the merits, irreparable harm, that the injunction would not substantially injure other interested parties, and that the public interest is served by the injunction. *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995)); *Appleseed Foundation, Inc. v. Apleseed Institute, Inc.*, 981 F. Supp. 672, 674 (D.D.C. 1997) (citing *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C.Cir.1977); *Sears, Roebuck and Co. v. Sears Financial Network, Inc.*, 576 F. Supp. 857, 864 (D.D.C.1983)). The court determines that the plaintiffs have provided facts and law that satisfy each of these four factors.[1]

---

[1] The factual similarity of this case to *Dallas Cowboys Cheerleaders v. Pussycat Cinema, Ltd.* 467 F. Supp. 366 (S.D.N.Y. 1979) is compelling.

2

The plaintiffs' complaint alleges a number of claims against the defendants. Compl. at 12-18. Regarding the plaintiffs' likelihood of success on the merits, the strong likelihood that the plaintiff will succeed on the trademark infringement and unfair competition claim is sufficient for the injunction analysis. *Appleseed*, 981 F. Supp. at 674-76; TRO Application 21-26. For this claim, the plaintiffs have established irreparable harm because trademark infringement raises a presumption of irreparable harm. *Sears, Roebuck and Co.*, 576 F. Supp. at 864. The court also determines that damage to the defendants would most likely be financially inconsequential, but potential damage may be adequately indemnified by the filing of a $1000 bond. FED. R. CIV. PROC. 65(c). Consequently, the court concludes that this is a proper case for issuance of an Order to Show Cause and a Temporary Restraining Order.

THEREFORE, IT IS HEREBY ORDERED that, **with respect to the following:**

a. Cerveceria Modelo, S.A. de C.V.'s Copyright in the images contained in the Internet site Corona.com (hereinafter "Modelo's Copyright");

b. Federal trademark registrations:

-No. 1,681,365 for "CORONA EXTRA Stylized" (first use and first use in commerce March 27, 1969) for beer in International Class 32;

-No. 1,681,366 for "CORONA Stylized" (first use August 28, 1925 and first use in commerce August 25, 1943) for beer in International Class 32;

-No. 1,689,218 for "CORONA and Crown and Griffins Design" (first use and first use in commerce March 27, 1969) for beer in International Class 32;

-No. 1,727,969 for "CORONA LIGHT and Crown and Griffins Design" (first use and first use in commerce May 5, 1989) for beer in International Class 32;

-No. 1,729,694 for "CORONA EXTRA LAS CERVEZA MAS FINA and Crown and Griffins Design" (first use and first use in commerce March 27, 1969) for beer in International Class 32;

-No. 1,729,701 for "CORONITA EXTRA" (first use and first use in commerce February 15, 1991) for beer in International Class 32;

-No. 1,761,605 for "CORONITA EXTRA and Crown and Griffins Design" (first use and first use in commerce February 15, 1991) for beer in International Class 32;

-No. 2,406,232 for "CORONA LIGHT" (first use and first use in commerce July, 1999) for beer in International Class 32;

-No. 2,452,813 for "CORONA MUSIC" (first use and first use in commerce July, 1999) for use in providing information on-line in International Class 41;

4

-No. 2,489,708 for "CORONA EXTRA and Crown and Griffins Design" (first use and first use in commerce April 1, 1980) for clothing in International Class 25;

-No. 2,489,709 for "CORONA" (first use and first use in commerce April 1, 1980) for clothing in International Class 25;

-No. 2,489,710 for "CORONA" (first use and first use in commerce April 1, 1980) for clothing in International Class 25;

-No. 2,489,711 for "CORONA EXTRA" (first use and first use in commerce April 1, 1980) for clothing in International Class 25;

-No. 2,517,268 for "CORONA DECOR" (first use and first use in commerce November, 1996) for use in providing mail order catalog and on-line retail order services in International Class 35;

-No. 2,522,430 for "CORONA DECOR" (first use and first use in commerce November, 1996) for use in providing mail order catalog and on-line retail order services in International Class 35;

-No. 2,590,621 for "CORONA" (first use and first use in commerce November 6, 1997) for use in providing on-line services in International Classes 35 and 41;

-No. 2,600,236 for "CORONA EXTRA" (first use and first use in commerce November 6, 1997) for use in providing on-line services in International Classes 35 and 41;

5

-No. 1,022,817 for "MODELO" (first use and first use in commerce August 7, 1973) for beer in International Class 32;

-No. 1,055,321 for "MODELO ESPECIAL" (based on Mexican Registration No. 126,929, dated November 10, 1965) for beer in International Class 32;

-No. 1,217,760 for "NEGRA MODELO" (based on Mexican Registration No. 27,631, dated January 28, 1928) for beer in International Class 32;

-No. 1,726,063 for "PACIFICO" (first use 1900 and first use in commerce April, 1985) for beer in International Class 32;

-No. 1,671,994 for "CERVECERIA DEL PACIFICO, S.A. DE C.V. CERVEZA PACIFICO CLARA" (first use 1900 and first use in commerce April, 1985) for beer in International Class 32;

-No. 2,534,167 for "PACIFICO" (first use and first use in commerce October 1, 1999) for sponsorship and production services in International Class 41;

-No. 1,336,171 for "PACIFICO and Board Design" (Supplemental Register) for beer in International Class 32;

c.   Federal trademark applications:

-Ser. No. 74/532,463 for "PANCHO CORONA" for use on clothing in International Class 25;

6

-Ser. No. 75/632,869 for "CORONAEXTRA.COM" for use in providing on-line services in International Classes 35 and 42;

-Ser. No. 75/632,870 for "CORONA.COM" for use in providing on-line services in International Class 35;

-Ser. No. 75/632,945 for "CORONAEXTRA.NET" for use in providing on-line services in International Classes 35 and 42;

-Ser. No. 75/632,947 for "CORONALIGHT.COM" for use in providing on-line services in International Classes 35 and 42;

-Ser. No. 75/632,948 for "CORONA.NET" for use in providing on-line services in International Classes 35 and 42;

-Ser. No. 75/689,802 for "CORONA" for fresh fruit in International Class 31;

-Ser. No. 75/764,705 for "CORONA SPORT and Design" for clothing and sporting goods in International Classes 25 and 28;

-Ser. No. 75/875,621 for "CORONA" for sporting goods in International Class 28;

-Ser. No. 75/875,857 for "CORONA" for use in providing restaurant and café services in International Class 42;

-Ser. No. 75/875,858 for "CORONA'S" for use in providing restaurant and café services in International Class 42;

-Ser. No. 75/875,862 for "CORONA and Design" for use in providing restaurant and café services in International Class 42;

-Ser. No. 75/875,863 for "CORONA'S and Design" for use in providing restaurant and café services in International Class 42;

-Ser. No. 75/875,864 for "CORONA" for sporting goods in International Class 28;

-Ser. No. 75/875,865 for "CORONA EXTRA" for sporting goods in International Class 28;

-Ser. No. 75/875,866 for "CORONA" for use in providing restaurant and café services in International Class 42;

-Ser. No. 75/875,878 for "CORONAMUSIC.COM" for use in providing information on-line in International Class 41;

-Ser. No. 75/876,359 for "CORONA EXTRA" for sporting goods in International Class 28;

-Ser. No. 75/876,355 for "CORONA'S" for use in providing restaurant and café services in International Class 42;

-Ser. No. 76/041,785 for "CORONITA LIGHT" for beer in International Class 32;

-Ser. No. 76/054,459 for "CORONA" for use in providing on-line services in International Classes 35 and 41;

8

-Ser. No. 76/229,560 for "CORONA ZONA" for beer in International Class 32;

-Ser. No. 76/229,561 for "CORONA TEQUILA" for tequila in International Class 33;

-Ser. No. 76/230,273 for "CORONA" for use in providing promotion services in International Class 35;

-Ser. No. 76/230,586 for "CORONA" for use in providing promotion services in International Class 35;

-Ser. No. 76/230,810 for "CORONA EXTRA" for use in providing promotion services in International Class 35;

-Ser. No. 76/231,041 for "CORONA EXTRA" for use in providing promotion services in International Class 35;

-Ser. No. 76/264,966 for "EL RITMO DEL VERANO CON CORONA" for clothing and beer in International Classes 25 and 32;

-Ser. No. 76/331,791 for "GO SOMEPLACE BETTER. GO WHERE THERE'S CORONA AND CORONA LIGHT" for beer in International Class 32;

-Ser. No. 75/148,776 for "MODELO ESPECIAL LIGHT" for beer in International Class 32;

-Ser. No. 75/197,352 for "LIGHT MODELO ESPECIAL" for beer in International Class 32;

-Ser. No. 75/632,871 for "GRUPOMODELO.NET" for use in providing on-line services in International Classes 35 and 42;

-Ser. No. 75/632,872 for "MODELO.NET" for use in providing on-line services in International Classes 35 and 42;

-Ser. No. 75/632,873 for "MODELOESPECIAL.COM" for use in providing on-line services in International Classes 35 and 42;

-Ser. No. 75/632,874 for "NEGRAMODELO.COM" for use in providing on-line services in International Classes 35 and 42;

-Ser. No. 75/632,946 for "GMODELO.COM" for use in providing on-line services in International Class 35;

-Ser. No. 76/056,130 for "GRUPO MODELO" for use in providing on-line services in International Class 42;

-Ser. No. 76/338,315 for "NEGRA MODELO" for clothing in International Class 25;

-Ser. No. 76/338,316 for "MODELO ESPECIAL" for clothing in International Class 25;

-Ser. No. 76/338,317 for "MODELO" for clothing in International Class 25.

d.   NSI domain name registrations: CORONA.COM, CORONA.NET, CORONAEXTRA.COM, CORONA-EXTRA.COM, CORONAEXTRA.NET, CORONA-EXTRA.NET,

10

> CORONALIGHT.COM, CORONA-LIGHT.COM, CORONITACERVEZA.COM, EUROCERMEX-CORONA.COM, IBEROCERMEX-CORONA.COM, LATINCERMEX-CORONA.COM, ASIACERMEX-CORONA.COM, CANACERMEX-CORONA.COM, PROCERMEX-CORONA.COM, MODELO.NET, GMODELO.COM, LIGHTMODELO.COM, LIGHT-MODELO.COM, MODELOESPECIAL.COM, MODELO-ESPECIAL.COM, CERVECERIAMODELO.COM, CERVECERIA-MODELO.COM, GRUPO-MODELO.COM, NEGRAMODELO.COM, NEGRA-MODELO.COM, GRUPOMODELO.NET, CERVEZA-MODELO.COM, GMODELOSHOP.COM, CLUBMODELO.COM, MODELOBEERSHOP.COM, MODELOBEERS.COM, CORONAGMODELOSHOP.COM, PACIFICO-CLARA.COM;
>
> (hereinafter with above referenced trademark registrations and applications "the plaintiffs' Marks");

**the defendants must show cause why a preliminary injunction,** pursuant to Federal Rule of Civil Procedure 65, **should not issue enjoining the defendants**, their agents, servants, employees and attorneys and those in active concert or participation with them or who are acting at their request or insistence who receive actual notice by personal service or otherwise, and each of them, pending the final hearing and determination of this action, **from:**

11

(1) Using or causing to be used, on the Internet site www.brutcuvee.com or any other Internet site, the plaintiffs' Marks (as defined above), any elements thereof, or any copy, or colorable imitation thereof;

(2) Using or causing to be used, on the Internet site www.brutcuvee.com or any other Internet site, Modelo's Copyrights (as defined above), any elements thereof, or any copy, or derivative thereof;

(3) Transferring the ownership or control of the electronic data which is located at the Internet site www.brutcuvee.com/corona, and any Internet site which is linked therefrom to any party other than the plaintiffs, or one of their related entities;

(4) Reproducing, copying, imitating or using, or causing to be reproduced, copied, imitated or used, the plaintiffs' Marks, any elements thereof, or any copy, or colorable imitation thereof, for any purpose;

(5) Reproducing, copying, imitating or using, or causing to be reproduced, copied, imitated or used, Modelo's Copyrights, any elements thereof, or any copy, or derivative thereof, for any purpose;

(6) Manufacturing, distributing, marketing, selling or offering for sale, or advertising any products or services which bear the plaintiffs' Marks, any elements thereof, or any reproduction, copy or colorable imitation thereof;

(7) Manufacturing, distributing, marketing, selling or offering for sale, or advertising any products or services which contain Modelo's Copyrights, any elements thereof, or any reproduction, copy or derivative thereof;

12

(8) Using, or assisting others in using, any reproduction, copy or colorable imitation of the plaintiffs' Marks in connection with advertising, packaging, promotion or sale of any product or any service;

(9) Using, or assisting others in using, any reproduction, copy or derivative of Modelo's Copyrights in connection with advertising, packaging, promotion or sale of any product or any service;

(10) Making any representation or using any false designation of origin or false description or performing any act which can or is likely to lead the trade or public to believe that the defendants, or anyone associated therewith, is in any manner associated or connected with the plaintiffs or licensed, sponsored, or approved by the plaintiffs; and

(11) Engaging in any other activities which constitute unfair competition with the plaintiffs, constitute infringement of the plaintiffs' Marks and/or Modelo's Copyrights, interfere with the plaintiffs' rights to use or to exploit the plaintiffs' Marks and/or Modelo's Copyrights, or in any way dilute the plaintiffs' name, reputation or goodwill.

IT IS FURTHER ORDERED, that **pending the hearing of the plaintiffs' application for a preliminary injunction and the Order to Show Cause, the defendants,** their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, or having knowledge of this order by personal service or otherwise, **be, and are, hereby** <u>**temporarily restrained from committing any of the acts set forth in paragraphs (1) through (11), above**</u>;

13

IT IS FURTHER ORDERED that the temporary restraining order shall remain in effect until disposition of the Order to Show Cause, or such further dates set by the court, unless the defendants stipulate, or have not objected, to the Preliminary Injunction;

IT IS FURTHER ORDERED, that the plaintiffs shall post a cash or corporate surety bond in the amount of $1000 as security determined adequate for the payment of such damages as any person may be entitled to recover as a result of a restraint hereunder;

IT IS FURTHER ORDERED, that, the plaintiffs <u>hand deliver</u> this Order to the defendants' residence and/or business address immediately, but no later than <u>August 26, 2002</u>;

IT IS FURTHER ORDERED, that <u>the defendants' opposition and show cause papers</u>, if any, shall be filed with the Clerk of this court and personally served upon chambers and the attorneys for the plaintiffs no later than <u>August 30, 2002 at 4:00 p.m.</u>, unless the court grants a motion for extension of time. Any <u>response by the plaintiffs</u> shall be similarly filed and served by the plaintiffs no later than <u>September 4, 2002 at 4:00 p.m.</u> The court reminds the defendants that if they fail to file an opposition and show cause papers, the court will treat the request for a preliminary injunction as conceded;

IT IS FURTHER ORDERED, that all parties appear for a <u>hearing</u> on the request for a preliminary injunction and the Order to Show Cause in <u>Courtroom 12 at 2:00 p.m. on September 5, 2002</u>.

SO ORDERED.

Dated: <u>August 23</u>, 2002

_____
Ricardo M. Urbina
United States District Court Judge

14